# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.R., a minor, by and through his Guardian Ad Litem, DEBRA RUIZ, and DEBRA RUIZ, individually and as successor in interest to Ryan Christopher Ruiz Rodriguez, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF TULARE, CITY OF FARMERSVILLE, KRISTINE BARKLOW, BENJAMIN QUINTANA, and DOES 3-10, inclusive,<br><br>Defendants.<br>_____/ | Case No. 1:16-cv-00570-AWI-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE STIPULATED PROTECTIVE ORDER**<br><br>(Doc. 38) |

## I.   INTRODUCTION

On September 23, 2016, the parties filed a request seeking Court approval of their Stipulated Protective Order.  (Doc. 38.)  The Court has reviewed the proposed stipulated protective order and has determined that, in its current form, it cannot be granted.  For the reasons set forth below, the Court DENIES *without prejudice* the parties' request to approve the stipulated protective order.

## II.   DISCUSSION

**A.   The Protective Order Does Not Comply with Local Rule 141.1(c)**

The proposed protective order does not comply with Rule 141.1 of the Local Rules of the United States District Court, Eastern District of California.  Pursuant to Rule 141.1(c), any

proposed protective order submitted by the parties must contain the following provisions:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
>
> (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).

Local Rule 141.1(c)(1) requires "[a] description of the types of information eligible for protection under the order[.]" The protective order, in its current form, does identify the types of information eligible for protection. (*See* Doc. 24, p. 1 (limiting the scope of the protective order to "crime scene investigation reports prepared by Tulare County Sheriff's Department and other law enforcement agencies (Farmersville Police Department and Visalia Police Department), including audio/video recordings, probation records, jail booking jackets, medical records, autopsy reports, including photos, police personnel records, including but not limited to internal investigations reports regarding Defendant, Benjamin Quintana, by Tulare County Sheriff's Department, his current employer, Defendant Kristine Barklow, by Farmersville Police Department and/or other documents to be produced by Defendants in compliance with Plaintiffs' Requests for Production of Documents.").)

The protective order, however, fails to identify the parties' need for protection in anything but the most general terms. As the parties do not present any *particularized* need for protection as to the identified categories of information to be protected, the protective order also fails to comply with Local Rule 141.1(c)(2), which requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order."

Finally, the requirement of Local Rule 141.1(c)(3) is not at all addressed. In its current form, the protective order does not show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties."

**B.      The Parties' Stipulated Protective Order is Denied <u>Without</u> Prejudice**

The parties may re-file a revised proposed stipulated protective order that complies with Local Rule 141.1(c) and corrects the deficiencies set forth in this order.

### III.      CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the parties' request for approval of the Stipulated Protective Order (Doc. 38) is DENIED without prejudice to renewing the request.

IT IS SO ORDERED.

Dated:   **September 27, 2016**                           /s/ *Sheila K. Oberto*
                                                                                UNITED STATES MAGISTRATE JUDGE