# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.R., a minor, by and through his Guardian Ad Litem, DEBRA RUIZ, and DEBRA RUIZ, individually and as successor in interest to Ryan Christopher Ruiz Rodriguez, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF TULARE, CITY OF FARMERSVILLE, KRISTINE BARKLOW, BENJAMIN QUINTANA, and DOES 3-10, inclusive,<br><br>Defendants.<br>_____/ | Case No. 1:16-cv-00570-AWI-SKO<br><br>**ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>(Doc. 42) |

## I.   INTRODUCTION

On September 7, 2016, Plaintiffs R.R., by and through his Guardian Ad Litem, Debra Ruiz, and Debra Ruiz (collectively "Plaintiffs") filed their First Amended Complaint, the operative pleading, against Defendants County of Tulare, City of Farmersville, Kristine Barklow, Benjamin Quintana, and Does 3-10 (collectively "Defendants") for civil rights violations under 42 U.S.C. § 1983, false arrest/false imprisonment, battery, negligence, and violation of California Civil Code § 52.1. (Doc. 30.) On January 30, 2017, Plaintiffs filed an "Ex Parte Application for Leave to File a Second Amended Complaint." (Doc. 42.) The Court construed Plaintiffs' Ex Parte Application as

a timely-filed motion to amend Plaintiffs' First Amended complaint, and ordered Defendants to file their oppositions or statements of non-opposition by February 13, 2017. (Doc. 43.)

On February 3, 2017, Defendants City of Farmersville and Kristine Barklow filed their notice of non-opposition to Plaintiffs' motion to amend (Doc. 44), and on February 8, 2017, Defendants County of Tulare and Benjamin Quintana filed their statement of non-opposition to Plaintiff's motion (Doc. 45). Plaintiffs' motion is therefore deemed unopposed. After having reviewed the papers and supporting material, the matter is deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the Court hereby DECLINES to set a hearing.

For the following reasons, Plaintiffs' unopposed "Ex Parte Application for Leave to File a Second Amended Complaint" is hereby GRANTED.

## II.   DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiffs seek to amend their First Amended Complaint to add "[f]acts . . . discovered in deposition that are necessary for Plaintiffs' case to proceed," including "the lack of training and instruction as to how to safely serve a warrant via a joint task force and how to respond to a fleeing subject." (Doc. 42, Ex. 1 ¶ 3.) The Court finds that justice would be served by permitting Plaintiffs to amend their First Amended Complaint as specified above. Accordingly, in the absence of any undue prejudice to Defendants, as evidenced by their lack of opposition to the motion, Plaintiffs' "Ex Parte Application for Leave to File a Second Amended Complaint" shall be granted.

### III.     ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiffs' unopposed "Ex Parte Application for Leave to File a Second Amended Complaint" (Doc. 42) is GRANTED;

2. Plaintiffs shall file their Second Amended Complaint as proposed and attached to their Ex Parte Application (Doc. 42, Ex. 2) within two (2) days from the date of this order; and

3. Defendants shall file their responses to the Second Amended Complaint within the time permitted by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **February 14, 2017**                    /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE

3